## Building and Loan Associations' Borrowing Power.

*Building and loan associations—Borrowing power—Paid-up stock—Instalment stock—Act of June 25, 1895.*

A building and loan association may borrow up to 25 per cent. of the withdrawal value of all stock issued by it, and this is the case whether it is instalment or paid-up stock.

Act of June 25, 1895, P. L. 303, considered.

Department of Justice. Opinion to H. H. Eshbach, Chief of Building and Loan Bureau.

BROWN, Dep. Att'y-Gen., Aug. 24, 1923.—Your letter asking to be advised whether a building and loan association may borrow up to 25 per cent. of the withdrawal value of all stock, or 25 per cent. of the withdrawal value of the instalment stock only of the association, has been received by this department.

The Act of June 25, 1895, P. L. 303, provides: "In addition to the corporate powers conferred on building and loan associations by the 37th section of the Act of April 29, 1874, they shall have the right, when a series of stock has matured, or when applications for loans by the stockholders thereof shall exceed the accumulations in the treasury, to make *temporary* loans of such sum or sums of money to meet such demands, not exceeding in the aggregate of such loan at any one time 25 per centum of the withdrawal value of *the stock issued* by said association at a rate of interest less than six per centum, and secure the payment of the same by interest-bearing order, note or bond as collateral; said loans to be repaid out of the *accumulations* in the treasury as soon as sufficient is paid in and there is no demand therefor by borrowing stockholders."

All building and loan associations issue instalment stock, and some issue instalment and paid-up stock. The right of a building association to issue paid-up dividends-bearing stock has been put upon an express statutory basis in England, as well as in some of the states of this country. In our own State, on distribution of the assets of an insolvent building association, the holders of "cash matured stock, for which payment was made in advance," were adjudged to come *in pari passu* with other stockholders: Criswell's Appeal, 100 Pa. 488.

Without doubt, it was originally the idea that all members of an association would become borrowers, but it was soon found that accumulations were too slow and sufficient money was not coming in to accommodate those who wished to borrow. It was to meet this need that full-paid stock was issued. The mere investor was always needed by the association, and has become at this time indispensable.

The paid-up stock bears a fixed dividend, and participates in no other way in the profits of the business. In case of failure or difficulty, it is entitled to no preference upon distribution.

Remembering that a building association cannot successfully carry on its business without members who are simply investors, the stock issued to such investors should be treated as any other stock issued by the associa-

4 D. & C.

tion. The act authorizing building associations to make temporary loans makes no distinction between paid-up and instalment stock, and speaks of "the withdrawal value of stock issued by said association."

Paid-up stock has a withdrawal value. It is stock issued by the association, and is comprehended by the language of the Act of 1895.

I, therefore, advise you that a building and loan association may borrow up to 25 per cent. of the withdrawal value of all stock issued by it.

From C. P. Addams, Harrisburg, Pa.